# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Federal Deposit Insurance Corporation, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: 13 C 50221 |
| | ) | |
| Dr. Kenneth R. Barrick, et al., | ) | |
| | ) | |
| *Defendants.* | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's Rule 60(b) motion to modify judgment [10] is denied.  Plaintiff is given leave to file an amended complaint consistent with this order within 28 days.

## STATEMENT

The current plaintiff in this foreclosure action is the Federal Deposit Insurance Corporation ("FDIC"), as receiver for the Arcola Homestead Savings Bank ("Arcola"), as successor to the First Community Bank of Galena ("First Galena"), a branch of Apple River State Bank.  The named defendants in this action include Dr. Kenneth R. Barrick, Carrole C. Collins, Constance Mahler,[1] and, in somewhat of a twist, Arcola.  Currently before the court is the FDIC's motion under Federal Rule of Civil Procedure 60(b) to modify the judgment of foreclosure that was entered by the state court prior to removal of this action by the FDIC in order to recognize and/or preserve the junior mortgage on the subject property originally held by Arcola.  For the reasons explained below, that motion is denied.

## I. BACKGROUND

In 1999, Collins and Mahler executed a note to First Galena for a $155,000 loan.[2]  This note was secured by a mortgage on the subject property located at 321 South Clark Lane, Elizabeth, Illinois (hereinafter, "the property").  Several years later, Collins and Mahler granted an undivided tenant-in-common interest in the property to Barrick.  Thereafter, in 2008, Collins, Mahler, and Barrick executed a note to Arcola for a $600,000 loan, which was also secured by a mortgage on the

---

[1]According to the record, Constance Mahler is now known as Constance M. White.  However, to avoid any confusion, the court will refer to her only as Mahler throughout this order.

[2]It appears that the original note was not signed by Collins, although she was listed as a borrower on the note. Nevertheless, Collins subsequently signed a number of extension agreements with First Galena as a borrower, and there does not appear to be any dispute that she was obligated to pay, along with Mahler, under the terms of the First Galena note.

property. Although Arcola proceeded under the impression that it had a first priority lien on the property, the First Galena note was never paid off and, therefore, the First Galena mortgage on the property had priority over the Arcola mortgage.

On August 21, 2009, First Galena filed a complaint to foreclose its mortgage in state court, asserting that Collins and Mahler had defaulted on the original $155,000 note. In the complaint, First Galena also alleged that its lien had priority over all other interests, including Barrick's tenant-in-common interest and the Arcola mortgage. On January 5, 2010, the state court entered a judgment of foreclosure in favor of First Galena and ordered the sale of the property. The judgment also ordered that all subordinate interests in the property would be terminated upon the sale of the property. To date, there has been no sale of the property.

On April 8, 2010, First Galena assigned to Arcola, in exchange for $155,900.81, the state court judgment of foreclosure and sale, the mortgage lien on the property, and the note. Thereafter, on May 20, 2010, Arcola filed a motion for substitution of parties, arguing that as a result of these assignments, it was now the successor in interest to First Galena and should be substituted as the named plaintiff. Arcola also requested that the state court confirm "the validity of both of Arcola Homestead's first and second liens in the Subject Property and entitlement to sale proceeds in an amount due Arcola Homestead under both and [sic] second liens."

Before the state court could hear Arcola's motion, on May 24, 2010, Collins filed a bankruptcy petition, which automatically stayed the case pursuant to § 362(a) of the Bankruptcy Code. Nevertheless, on May 25, 2010, the state court, apparently without knowledge of the bankruptcy proceeding, entered an order granting the relief requested in Arcola's motion to substitute. Shortly thereafter, Arcola was closed by the Illinois Department of Financial and Professional Services, and the FDIC was appointed as Receiver for Arcola and, by operation of law, succeeded to all rights and assets of Arcola, including the original First Galena note, which had been assigned to Arcola, as well as the secondary Arcola note. On July 8, 2010, the state court granted the FDIC's motion to substitute itself in the place of Arcola. After Collins' bankruptcy case was dismissed, and the automatic stay lifted, the FDIC removed the case to federal court.[3]

Currently before this court is a motion by the FDIC to modify the judgment of foreclosure entered by the state court pursuant to the provisions of Rule 60(b). Essentially, the FDIC is seeking relief similar to what the state court had attempted to provide in its May 25, 2010 substitution order, which was invalid, at least to the extent that it substantively modified the judgment of foreclosure, because it was entered in violation of the automatic stay. Specifically, the FDIC is seeking to modify the judgment of foreclosure in order to recognize the validity of the secondary Arcola mortgage, as opposed to terminating that interest, and to allow the FDIC to bid for, and receive sale proceeds, in the amount due under both the First Galena note and the Arcola note.

## II. ANALYSIS

Rule 60(b) allows the court to relieve a party "from a final judgment" for various reasons,

---

[3]While Collins' bankruptcy petition was pending, Barrick also entered into bankruptcy. The bankruptcy court entered an order modifying the automatic stay that resulted from that case in order to allow the FDIC to proceed with its claim against defendants concerning the property.

including where "applying [the judgment] prospectively is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Cincinnati Ins. Co. v. Flanders Electric Motor Serv., Inc., 131 F.3d 625, 628 (7th Cir. 1997). Although the court recognizes that the unusual procedural history of this case presents certain challenges for the FDIC in its attempt to preserve and protect its interest in the first and second liens on the property, both of which it now holds, the court cannot grant the requested relief under Rule 60(b).

As an initial matter, it is unclear whether the state court's foreclosure judgment should be considered a "final judgment" for purposes of Rule 60(b). See, e.g., Citimortgage, Inc. v. Sharlow, 2014 IL App (3d) 130107, ¶ 19 ("The general rule in Illinois is that a foreclosure judgment (and order of sale) is not a final and appealable judgment because it does not dispose of all of the issues between the parties and does not terminate the litigation."); EMC Mortg. Corp. v. Kemp, 2012 IL 113419, ¶ 11 ("It is well settled that a judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and directing the distribution.");[4] but cf. Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1101 (9th Cir. 1998) (concluding that "the foreclosure judgments, as written, are final decisions appealable within the meaning of 28 U.S.C. § 1291"). The court need not resolve this issue, however, because regardless of whether the foreclosure judgment is a final judgment or merely an interlocutory order, the FDIC's request for relief is improper.[5]

In particular, the court finds that it would be inappropriate to grant the requested relief at this time without first providing some due process to the interested parties. The FDIC is basically asking the court to enter a judgment of default on the Arcola note and allow the FDIC to foreclose on the original Arcola mortgage even though there has never been a complaint of foreclosure filed with respect to that mortgage, notice to all interested parties, or an opportunity to respond. Accordingly, if it wishes to pursue this matter further, the FDIC will have to file an amended complaint in this case seeking foreclosure on all of its interests in the property.[6] If, as the FDIC predicted in its

---

[4]If this case was still proceeding in state court, the judgment of foreclosure likely would be considered a final judgment that was immediately appealable to the Illinois Appellate Court because the judgment contained specific language consistent with Illinois Supreme Court Rule 304(a) indicating that there was no just reason to delay enforcement or appeal of the judgment. See Sharlow, 2014 IL App (3d) 130107, ¶ 19 ("[W]here the trial court has made a Rule 304(a) finding . . . a judgment of foreclosure is a final and appealable judgment."). However, the state court's Rule 304(a) finding does not bind this court upon removal since "the requirements of Rule 304(a) are merely procedural." Matter of Wey, 827 F.2d 140, 143 (7th Cir. 1987); see also Bank of N.Y. Mellon v. Ontiveros, No. 12-cv-3896, 2014 WL 114129, at *3 (N.D. Ill. Jan. 13, 2014) ("[T]he Illinois Supreme Court Rules themselves confirm that they are procedural rules that apply only in Illinois courts.").

[5]Because the court declines to grant the FDIC the relief requested, the court need not address Collins' argument that the court cannot modify the judgment because of the Rooker-Feldman doctrine.

[6]To the extent that the foreclosure judgment is a final judgment, the court finds it appropriate to vacate that judgment pursuant to Rule 60(b)(5) because applying the judgment as currently written is no longer equitable. To the extent that the judgment is an interlocutory order, the court finds it appropriate to vacate that order pursuant to Rule 54(b). In either event, the FDIC will be allowed to file an amended complaint addressing all relevant issues involving its interests in the property.

memorandum, modifying the judgment of foreclosure in the manner requested would "not harm any party to this case," then the court expects that providing due process in order to properly foreclose on those interests would likewise not be met with much resistance.  Indeed, if no interested party answers the amended complaint or otherwise objects to the relief sought, then the court can enter a default judgment without much delay.  As such, the FDIC's concerns about the additional cost of proceeding in this manner and the inconvenience to the court do not provide a sufficient legal basis to grant the requested relief with respect to the original Arcola mortgage.

## III.  CONCLUSION

Based on the foregoing, the FDIC's Rule 60(b) motion to modify judgment is denied.  The FDIC is given leave to file an amended complaint consistent with this order within 28 days.

Date: 10/22/2014                               ENTER:

                                               _____

                                               FREDERICK J. KAPALA

                                               District Judge

4